## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNN STROMAN,<br>                              *Plaintiff*,<br>          v.<br><br>UNITED STATES POSTAL<br>SERVICE, *et al.*,<br>                              *Defendants* | CIVIL ACTION<br>NO. 21-4400 |

**PAPPERT, J.**                                                                      **June 6, 2022**

### MEMORANDUM

Lynn Stroman alleges he was injured while sitting in a parked car when it was struck by a United States Postal Service vehicle on October 6, 2019.  He sued the United States of America, the United States Postal Service and a John/Jane Doe driver under the Federal Tort Claims Act.[1]  The United States moved to dismiss his Complaint for lack of subject matter jurisdiction or, alternatively, failure to state a claim.  The Court grants the motion because it lacks jurisdiction to hear Stroman's claim.

I

A

On January 6, 2020, Stroman's counsel submitted to the USPS an administrative claim on an executed Standard Form 95 over the alleged collision. (Def.'s Mot, Ex. C, ECF 3-1 at ECF p. 10-13; Pl.'s Opp'n, Ex. D, ECF 8-7.)  It listed the amount of his claim for "personal injury" as "in excess of $100,000," although the "total

---

[1]        The USPS and the John or Jane Doe Defendants were terminated from this case on December 21, 2021.  The United States is the only proper defendant.  *See* 28 U.S.C. §§ 2679(a) and (b)(1); *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008), as amended (Sept. 29, 2008).

amount" was listed as "0.00." (*Id.*)  The USPS Tort Claims Coordinator responded to Stroman's counsel three days later requesting his "medical records and itemized bills for treatment . . . ." (Pl.'s Opp'n Mem., Ex. F, ECF 8-8.)  Counsel submitted medical reports and bills for $37,762 on October 21, 2020.  (Pl's Opp'n Mem., Ex. G, ECF 8-10.)

      The USPS denied Stroman's claim on the merits in a January 26, 2021 certified letter sent to his counsel.  (Def.'s Mot, Ex. E, ECF 3-1 at ECF p. 19-21; Pl's Opp'n Mem., Ex. I, ECF 8-12.)  The USPS explained that an investigation of the alleged collision "failed to establish a negligent act or omission on the part of [USPS] or its employees." (ECF 3-1 at ECF p. 20.)  It also informed Stroman that if he was dissatisfied, he could "file suit in a United States District Court no later than six (6) months from the date" of the letter.  (*Id.*)  Alternatively, he could "file a written request for reconsideration with the postal official who issued the final denial of his claim" before the statutory six-month deadline for filing suit expired.  (*Id.* at ECF p. 20-21.)

      On September 14, 2021, almost eight months after his claim's denial, Stroman filed his initial lawsuit, *Stroman v. United States Postal Service,* Civ. A. No. 21-4079 (E.D. Pa.), which he voluntarily dismissed on October 4, 2021.  (Civ. A. No. 21-4097 at ECF 6.)  Prior to the voluntary dismissal, the USPS's lawyer informed Stroman's attorney that the case was not timely filed and that Stroman "failed to input a 'sum certain'" on the SF-95.  (Pl.'s Opp'n Mem., ECF 8-2 at 4; *Id.*, Ex. L, ECF 8-15.)

B

      Stroman filed this lawsuit – his second over the alleged collision – on October 6, 2021, days after voluntarily dismissing his first.  (Compl., ECF 1.)  This Complaint alleges that "[a]ll of the appropriate tort claim forms relevant to pursuing a claim

2

against the United States Post Office were in fact completed and filed on a timely basis," citing a second administrative claim he prepared on October 4, 2021. (Compl., ECF 1, ¶ 5, citing Compl., Ex. A.)

The USPS received Stroman's second administrative claim on an executed SF-95 on October 5, 2021. (Def.'s Mot, Ex. F, ECF 3-1 at ECF p. 22-24.) The only difference between the first and second administrative claims was that the second listed the claim amount for personal injury as "$100,000" and specified that the total amount claimed was $100,000. (*Id.*)

In an October 12, 2021 letter, the USPS told Stroman's counsel it could not consider the second administrative claim because Stroman had not exercised his right to either request reconsideration of the January 26, 2021 denial of his initial claim, or to file a lawsuit in Federal Court within six months of that date. (Def.'s Mot, Ex. G, ECF 3-1 at ECF p. 22-24.)

## II

### A

A court must dismiss any claims over which it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Motions invoking Rule 12(b)(1) generally fall into two categories: facial attacks and factual attacks. *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and [ ] requires the court to 'consider the allegations of the complaint as true.'" *Id.* (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). A factual challenge "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise

present[ing] competing facts.'" *Id.* (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)).

The Court "can look beyond the pleadings to decide factual matters relating to jurisdiction." *Cestonaro v. United States*, 211 F.3d 749, 752 (3d Cir. 2000) (citation omitted). "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Defendants' motion, which contends Plaintiff failed to exhaust his administrative remedies before filing this case, presents a factual attack. It is Plaintiff's burden to show "that jurisdiction does in fact exist." *Id.* The Court may "determine jurisdiction by weighing the evidence presented by the parties." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 177 (3d Cir. 2000).

B

Unless Stroman exhausted his administrative remedies, the Court lacks jurisdiction to hear his case. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015). The FTCA does not permit suit against the United States "unless the claimant has first presented the claim to the relevant Federal agency and the claim has been finally denied." *Lightfoot v. United States*, 564 F.3d 625, 626-27 (3d Cir. 2009). Final denial is a jurisdictional requirement that "cannot be waived." *Id.*

Before filing this second lawsuit, Stroman was required to wait for the USPS's written final denial of his second administrative claim "sent by certified or registered mail." 28 U.S.C. § 2675(a). The FTCA's requirement is "unambiguous." *McNeil*, 508

U.S. at 111.  He did not do so; he filed this suit on October 6, 2021, before the USPS denied the second administrative claim, which the USPS did, at the earliest, in its October 12 letter.

### III

### A

Dismissal with prejudice is appropriate because amendment would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988) (finding futility when an amended complaint would not "withstand a renewed motion to dismiss").  No possible amendment would enable Stroman to allege a claim over which the Court has jurisdiction.  *See Yoder v. Morrow*, 671 F. App'x 27, 29 (3d Cir. 2016) ("Because . . . amendment of the complaint would be futile, the District Court did not err when it dismissed the complaint [for lack of subject matter jurisdiction] with prejudice.").

### B

Stroman's first and second administrative claims are identical in substance. (Def.'s Mot, Ex. C, ECF 3-1 at ECF p. 12; Def.'s Mot, Ex. F, ECF 3-1 at ECF p. 24.) Confronted with "duplicative administrative claims, an inquiring court can regard the second claim in one of two ways:  as either an attempt to re-file the original claim or an attempt to have the agency reconsider its disposition of the original claim."  *Roman-Cancel v. United States*, 613 F.3d 37, 42 (1st Cir. 2010).

### 1

If Stroman's second administrative claim was an attempt to obtain reconsideration of his original claim, it was untimely.  The FTCA dictates that "a tort

claim against the United States 'shall be forever barred' unless it is presented to the 'appropriate Federal agency within two years after [it] accrues' and then brought to federal court 'within six months' after the agency acts on the claim." *United States v. Wong*, 575 U.S. 402, 405 (2015) (quoting 28 U.S.C. § 2401(b)).  "[B]oth conditions must be satisfied in order for a plaintiff to properly bring a claim under the FTCA." *Sconiers v. United States*, 896 F.3d 595, 598 (3d Cir. 2018).

As the USPS explained in its January 26, 2021 final denial of the first claim, Stroman had six months, i.e., until July 26, 2021, to seek reconsideration.  (Def.'s Mot., Ex. E, ECF 3-1 at ECF p. 20-21.)  *See* 28 U.S.C. § 2401(b); 39 C.F.R. § 912.9(b).  He waited instead until October 4, 2021 to prepare his second administrative claim.  (Def.'s Mot, Ex. F, ECF 3-1 at ECF p. 22-24.)

Stroman contends the limitations period should be tolled because his counsel never received the final denial.  (Pl.'s Opp'n Mem., ECF 8-2 at ECF p. 12-13.)  He supports his argument with affidavits from his lawyer "as well as every member and employee of counsel's law firm" (*id.*) attesting that the signature affixed to the certified mail receipt for the denial letter is not the affiant's signature.  (Pl's Opp'n Mem., Ex. J, ECF 8-13.)  Receipt, however, "is not relevant for purposes of determining the limitations period for the filing of [an] FTCA claim." *Youlo v. United States*, No. 12-3135, 2013 WL 4479199, at *4 (E.D. Pa. Aug. 21, 2013).  "Agency obligations are discharged on proper mailing, irrelevant of poor or failed communications among those notified of denial."[2] *Forman v. United States*, No. 98-6784, 1999 WL 793429, at *6 (E.D.

---

[2]       "It is especially appropriate to be restrictive" in extending equitable tolling's "extraordinary remedy" to FTCA claims, which involve the United States' waiver of sovereign immunity.  *D.J.S.-W. by Stewart v. United States*, 962 F.3d 745, 750 (3d Cir. 2020) (citation and internal quotation omitted).  "[T]olling will never extend to a garden variety claim of excusable neglect, such as a simple

Pa. Oct. 6, 1999).  What matters is whether Stroman filed his action in federal court "within six months after the date of *mailing*, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."  28 U.S.C. § 2401(b) (emphasis added).[3]  He did not.

2

In the alternative, if Stroman's second administrative claim was an attempt to re-file his original claim, "it would not reconfigure the FTCA time line" because the substance of his claim did not change.  *Roman-Cancel*, 613 F.3d at 42.  It would be "pointless" to give Stroman "an opportunity to reopen the FTCA's limitations window by the simple expedient of re-filing a claim to supplant an earlier, functionally equivalent claim on which the window had shut."  *Id.*

Stroman maintains he filed the second administrative complaint because the first one was "null and void" since it claimed damages "in excess of $100,000" and "did not input a sum certain."  (Pl's Opp'n Mem. ECF 8-2 at 4.)  In his view, because his original claim was defective, he had the "right to properly re-present the claim" to the USPS on or before April 12, 2022.  (*Id.* at 9.)

When an administrative claim is denied for failure to state a sum certain it is "a nullity."  *Meehan v. Taylor*, No. 12-4079, 2013 WL 4517943, at *4 (D.N.J. Aug. 26, 2013).  However, "there is an important distinction between administrative claims

---

miscalculation that leads a lawyer to miss a filing deadline."  *Id.* (citation and internal quotation omitted).

[3]       To support his argument that receipt is what starts the six-month clock, Stroman relies on decisions applying Title VII, not cases brought under the FTCA.  (*See* Pl.'s Opp'n Mem. at 12-13.) But, under Title VII, receipt – not mailing – triggers the time for filing suit.  *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 91 (1990) (citing 42 U.S.C. § 2000e-16(c)).

7

denied on their merits and those denied out of hand for improper presentment . . . ."  *Id.*
at *6 n.3.  The USPS did not deny Stroman's original claim because it was not properly
presented.  Rather, it denied the claim because "an investigation . . . failed to establish
a negligent act or omission on the part of the U.S. Postal Service or its employees."
(Def.'s Mot, Ex. E, ECF 3-1 at ECF p. 19-21; Pl's Opp'n Mem., Ex. I, ECF 8-12; *see also*
Def.'s Reply, ECF 9 at 1-2 n.1 ("In fact, USPS had denied the first claim on its
merits.").)  As a result, his "second administrative claim served no legitimate purpose."
*Roman-Cancel*, 613 F.3d at 42.  Stroman cannot use "the filing of a second claim as an
end-run around" 28 U.S.C. § 2401(b)'s six-month deadline.  *Curry v. U.S. Postal Serv.*,
No. 06-802, 2007 WL 1470137, at *2 (D.N.J. May 17, 2007).  If he could use his own
failure to identify a sum certain to restart the clock on his claim, it "would undermine
Congressional intent underlying the FTCA of expediting the settlement of tort claims
against the United States while avoiding costly litigation."  *Meehan*, 2013 WL 4517943,
at *6 n.4; *see also Willis v. United States*, 719 F.2d 608, 613 (2d Cir. 1983) ("If Congress
mandated that suit be brought within six months after administrative denial of a
claim, . . . the bar cannot be avoided by starting all over again.").  The USPS made a
final decision on the merits of Stroman's first administrative claim and because he did
not file either of his lawsuits within six months of that final denial, his claim is "forever
barred."  28 U.S.C. § 2401(b).

     An appropriate Order follows.

BY THE COURT:

**_/s/ Gerald J. Pappert_**
GERALD J. PAPPERT, J.
